IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-209-N |
| DARNESHA LANIECE COLEMAN (07) | |

**GOVERNMENT'S MOTION
FOR PRETRIAL DETENTION AND CONTINUANCE**

The United States of America (the "government") moves for pretrial detention of Defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. **Eligibility of Case**: This case is eligible for a detention order because it involves:

- ☐ Crime of violence [18 U.S.C. § 3156(a)(4)]
- ☐ Maximum sentence of life imprisonment or death
- ☐ Controlled Substance offense punishable by 10 or more years
- ☐ Felony with two prior convictions in above categories
- ☐ Felony involving a minor victim
- ☒ Felony involving the possession or use of a firearm, destructive device, or any other dangerous weapon
- ☐ Felony involving a failure to register [18 U.S.C. § 2250]
- ☒ Serious risk that Defendant will flee
- ☐ Serious risk that Defendant will obstruct justice

2. **Reason for Detention.** The Court should detain Defendant because there are no conditions of release that would reasonably assure:

- ☒ Defendant's appearance as required
- ☒ The safety of the community
- ☐ The safety of another person

3. **Rebuttable Presumption.** The government **will** invoke the **rebuttable presumption** against Defendant because there is probable cause to believe that Defendant has committed:

- ☐ A Controlled Substance Offense for which a maximum term of imprisonment of 10 years or more is prescribed

**Detention Motion—Page 1**

☐ An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b
☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) ["Federal crime of terrorism"] for which a maximum term of imprisonment is 10 years or more is prescribed
☐ An offense under Chapter 77 of Title 18 [Peonage, Slavery, and Trafficking in Persons] for which a maximum term of imprisonment of 20 or more is prescribed
☐ A crime involving a minor [see offenses listed in 18 U.S.C. § 3142(e)(3)(E)]
☐ Defendant has previously been convicted of an offense described in 18 U.S.C. § 3142(f)(1) which was committed while Defendant was released on bond pending trial for any offense and less than 5 years have elapsed since the latter of Defendant's conviction or date of release from imprisonment for such conviction

    **4.**    **Petition Revoking Supervised Release.**

☐ Fed. R. Crim. P. 32.1(a)(6) ("burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant")

    **5.**    **Time for Detention Hearing.**  The government requests the Court to conduct the detention hearing:

☐ At Defendant's first appearance
☒ After a continuance of **2 day(s)**.

    Respectfully submitted,

    LEIGHA SIMONTON
    United States Attorney


    _____
    GARY C. TROMBLAY
    Assistant United States Attorney
    Northern District of Texas
    Louisiana Bar Roll No. 22665
    1100 Commerce Street, Third Floor
    Dallas, Texas  75242-1699
    Telephone: 214-659-8638
    Facsimile: 214-659-8805
    Email: gary.tromblay@usdoj.gov

**Detention Motion—Page 2**

## CERTIFICATE OF SERVICE

    I hereby certify that on **August 7, 2023**, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, and that a copy of document was provided to defense counsel.

                                             _____
                                             GARY C. TROMBLAY
                                             Assistant United States Attorney