IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:23-CR-209-N |
| v. | |
| KEYSHAWN JA'MOND JEFFERSON (09) | |

### FACTUAL RESUME

In support of the defendant's plea of guilty to Count One of the pending indictment, Keyshawn Ja'Mond Jefferson, the defendant, Ezekiel Tyson, Jr., the defendant's attorney, and the United States of America (the "government") stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One, charging Conspiracy to Acquire a Firearm from a Licensed Firearms Dealer by False or Fictitious Statement, in violation of 18 U.S.C. § 371 [18 U.S.C. § 922(a)(6)], the government must prove each of the following elements[1] beyond a reasonable doubt:

*First:* That the defendant and at least one other person made an agreement to commit the offense of acquiring a firearm from a licensed firearms dealer by a false or fictitious statement, as charged in the indictment;

*Second:* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

_____

[1] *See* Fifth Circuit Pattern Jury Instruction (Criminal) No. 2.15A (2019).

Factual Resume—Page 1

*Third:* That one of the conspirators, during the existence of the conspiracy, knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.[2]

## STIPULATED FACTS

1. The defendant agrees that beginning on or about October 2021, and continuing through on or about July 2022, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together and with other persons known and unknown to the Grand Jury, to commit a certain offense against the United States, that is, Acquiring a Firearm from a Licensed Firearms Dealer by a False or Fictitious Statement, in violation of 18 U.S.C. § 371 [18 U.S.C. § 922(a)(6)], as charged in Count One.

2. It was part of the conspiracy that the defendant and the defendant's coconspirators discussed and planned with each other the acquisition of firearms from licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, by false or fictitious statements intended or likely to deceive the dealers with

---

[2] The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

respect to any fact material to the lawfulness of the firearm sales. It was also part of the conspiracy that they formulated a plan and agreement which, among other things, included:

    a. ~~the selection of the licensed firearms dealers;~~ *CL*

    b. the selection of the type of firearms to be purchased;

    c. the acquisition of firearms from licensed firearms dealers;

    d. the use of false and fictitious oral and written statements intended to deceive the firearms dealers with respect to any fact material to the lawfulness of the firearm sales;

    e. falsely answering "Yes" to Question 21.a. on Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, in that the purchaser certifies—under penalty of law—that he or she is "the actual transferee/buyer of the firearm(s) listed on this form," which is a fact material to the lawfulness of a firearm sale;

    f. the subsequent transfer of the firearms to another; and

    g. ~~the unlawful export of the firearms from the United States to Canada.~~ *CL* 

3. In furtherance of the conspiracy, and to accomplish the object of the conspiracy, the following overt acts, among others, were committed:

    a. On or about July 21, 2022, the defendant purchased from Marksmen Firearms, located in Mansfield, Texas, which is in the Northern District of Texas, a Glock, model 19, 9mm caliber pistol, bearing serial number BXGT066; and a Glock, model 23, .40 caliber pistol, bearing serial number BWWN592; and falsely answered

"Yes" to Question 21.a. on the ATF Form 4473 in that the defendant certified—under penalty of law—that the defendant was "the actual transferee/buyer of the firearm(s)" listed—a fact material to the lawfulness of a firearm sale—while knowing that this statement was false because the defendant was actually purchasing the firearms for another person.

4.   The defendant agrees that the defendant committed all the essential elements of the offense to which he is pleading guilty.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One.

AGREED TO AND STIPULATED on this 21 day of September, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
KEYSHAWN JA'MOND JEFFERSON
Defendant

_____
GARY C. TROMBLAY
Assistant United States Attorney
Louisiana Bar Roll No. 22665
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8638
Facsimile: 214-659-8805
Email: gary.tromblay@usdoj.gov

_____
EZEKIEL TYSON, JR.
Attorney for Defendant